MILLER, STATE REVENUE AGENT, *v.* BELTZHOOVER'S
ESTATE.*

(Division A.    Nov. 9, 1925.)

[105 So. 751.    No. 24994.]

TAXATION. *Record held to show affirmance on merits of order abating assessment.*

> Record on appeal from circuit court, to which appeal had been taken from order of county board of supervisors abating back-tax assessment, *held* to show not that the court vacated its prior order allowing the record to be filed and dismissed the appeal, but affirmed the order of abatement on the merits.

---

*Headnote 1.    Taxation, 37 Cyc. p. 1113 (Anno).

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.

Action by W. J. Miller, state revenue agent, for use of Stokes V. Robertson, ex-state revenue agent, against the estate of M. S. Beltzhoover. On appeal from order of county board of supervisors abating back-tax assessment against the estate. From an adverse judgment, plaintiff appeals. Affirmed.

*Ratcliff & Kennedy,* for appellant.

The only question in this appeal is whether or not the circuit court obtained jurisdiction of the appeal by the papers having been deposited with the circuit clerk, the cause docketed and the general docket showing date of filing. It is contended by appellee that under section 691, Code of 1906, it is jurisdictional that the clerk "shall mark on the papers in every cause the style, and number of the suit and the time when and the party by whom filed." We submit to the court that the failure of the clerk to mark on the papers the style of the cause, number, etc., is not jurisdictional, but the circuit court obtains jurisdiction of the cause of action when the appeal is properly taken and the papers deposited with the clerk.

This case was not tried or argued upon the merits. The revenue agent rested the validity of the assessment and the residence of the deceased upon the presumptions in favor of the assessment. The defendant introduced some testimony but out of order, and the motion to dismiss the appeal and to set aside the order allowing the papers to be marked *nunc pro tunc* was sustained and the revenue agent thereby not permitted to offer his evidence showing residence of the deceased for a number of years previous to his death. So we submit that the only action of the court was the dismissing of the appeal for want of jurisdiction on account of the papers not being marked by the clerk when filed by him.

*Engle & Laub* and *Green, Green & Potter,* for appellee.

The sole assignment of error by appellant is a mistake of fact. The court below did not set aside the order allowing the record to be filed *"nunc pro tunc"* and did not dismiss the appeal, as stated by said assignment of error. On the contrary, the court sets forth in its judgment the history of the proceeding, and while there was a motion by appellee to set aside the order allowing the record to be filed herein *"nunc pro tunc"* and to dismiss the appeal for want of jurisdiction, this motion was not sustained, but immediately following the foregoing motion appears: "And appellee further moves the court to find a judgment for the appellee." The judgment of the court shows and recites that it was this motion to find judgment for the defendant that the court sustained. Thus the court ruled on the merits of the case, and so far from dismissing the appeal from the board of supervisors, it retained jurisdiction, and rendered judgment "affirming the order of abatement rendered by the board of supervisors."

Cook, J., delivered the opinion of the court.

On the 3d day of November, 1921, Stokes V. Robertson, then state revenue agent, gave notice to the tax collector of Adams county to make a back-tax assessment against the estate of M. S. Beltzhoover. The assessment was made, but was abated by the board of supervisors by an order entered on the 7th day of June, 1922. On the 8th day of June, 1922, the revenue agent gave notice of an appeal to the circuit court, and on the 22d day of September, 1922, the papers in the cause were delivered to the circuit clerk of Adams county. The circuit clerk thereupon docketed the cause, and entered on the general docket in his office the date of filing of each of the several papers, but failed to note on the several papers the date of filing of the same.

When the case come on for hearing in the circuit court on appeal before the circuit judge, without a jury, the revenue agent offered in evidence "the record in the

cause on appeal showing the assessment, the answer of
M. R. Beltzhoover, executor of the estate of M. S. Beltz-
hoover, the order of the board of supervisors, the notice
from the revenue agent of appeal, and the certificate of
Frank V. Eisle, chancery clerk," and moved the court
to "direct the circuit clerk to place the proper file mark
of his office on the said papers, filed in his office." The
defendant objected, "for the reason that the filing of the
record on appeal on or before the next term of the circuit
court as provided by statute is jurisdictional, and the fail-
ure to mark the record filed on or before the next term
of the circuit court is jurisdictional, and the circuit
court failed to acquire jurisdiction of the cause, and is
without power by reason of want of jurisdiction to order
the filing *nunc pro tunc* in the cause. It is the duty of the
appellant to see that the statute is complied with by the
filing of the appeal record on or before the next term of
the court, and his failure so to do defeated his appeal."
The court overruled the objection, and held that the
jurisdiction obtained, and sustained the application to
mark the record filed as of September 22, 1922, *nunc pro
tunc,* which was accordingly done.

The trial proceeded, and the testimony of one witness
for the revenue agent not then being available, by agree-
ment the defendant and appellee introduced out of order
the testimony of several witnesses. Later the revenue
agent concluded his testimony and rested his case. There-
upon the defendant made the following motion:

"Comes the defendant, after the plaintiff has rested
his case, and moves the court to set aside the order allow-
ing the record to be filed herein *'nunc pro tunc,'* and to
dismiss the appeal for want of jurisdiction. And ap-
pellee further moves the court to find a judgment for the
appellee."

Immediately following this motion in the record ap-
pears the following notation: "By the court: Motion
sustained, and judgment for appellee."

The formal judgment, signed by the judge and entered upon the minutes of the court, as the same appears in this record, is as follows:

"This cause came on for hearing by agreement of all parties before the circuit judge, R. L. Corban, in vacation on Friday, December 28, 1923, pursuant to an agreement and order taken and entered on the minutes of the regular November term, 1923, of the circuit court of Adams county, Miss.

"The plaintiff and appellant, state revenue agent, introduced all of his evidence, with the exception of one witness, John C. Fowler, deputy sheriff, who was not present in the court at that time, and it was agreed that this witness could be introduced by the plaintiff and appellant at any time the witness became available, and that appellee and defendant might proceed with the introduction of his testimony. After certain testimony had been introduced by appellee and defendant, the court adjourned until Wednesday, January 2, 1924.

"Upon opening of court on this date, plaintiff and appellant introduced the witness, John C. Fowler, and rested. Upon which defendant and appellee moved the court to exclude the evidence and render judgment in favor of defendant and appellee, and to sustain the order of the board of supervisors of Adams county, Miss., abating assessment. After hearing argument of counsel, the court sustained the motion, and rendered judgment in favor of defendant and appellee, affirming the order of abatement rendered by the board of supervisors.

"It is therefore ordered and adjudged by the court that assessment be and is hereby abated, and that plaintiff and appellant pay all costs in this behalf expended.

"It is further ordered that the plaintiff do have sixty days from this date to perfect appeal to supreme court."

On appeal the only assignment of error is that: "The court erred in sustaining the motion to set aside the order allowing the record to be filed *nunc pro tunc,* and in dismissing the appeal."

This appeal presents a controversy between counsel as to what action was taken by the court below in disposing of this cause. The appellant contends that the cause was not argued and decided on the merits, and assigns as error the action of the court in sustaining a motion to set aside the order allowing the record to be filed, and to dismiss the appeal; while the appellee contends that the assignment of error is a mistake of fact, and that the court below did not set aside the order allowing the record to be filled *"nunc pro tunc,"* and did not dismiss the appeal, but, on the contrary, the court retained jurisdiction, ruled on the merits of the cause, and rendered judgment affirming the order of abatement rendered by the board of supervisors.

It seems to us that the position of the appellee is well taken. The motion made in the court below was twofold: First, to set aside the order allowing the record to be filed *nunc pro tunc,* and to dismiss the appeal for want of jurisdiction; and, second, to find a judgment for the appellee. The notation made by the stenographer in the record is simply "motion sustained, and judgment for appellee," but when we look to the judgment signed by the trial judge and entered on the minutes of the court, we find the recitals of the judgment to be:

"Upon opening of court on this date, plaintiff and appellant introduced the witness, John C. Fowler, and rested. Upon which, defendant and appellee moved the court to exclude the evidence and render judgment in favor of defendant and appellee, and to sustain the order of the board of supervisors of Adams county, Miss., abating assessment. After hearing argument of counsel, the court sustained the motion, and rendered judgment in favor of defendant and appellee, affirming the order of abatement rendered by the board of supervisors. It is therefore ordered and adjudged by the court that assessment be and is hereby abated, and that the plaintiff and appellant do pay all costs in this behalf expended."

There is no order in the record sustaining the motion to vacate the former order allowing the record to be filed, and to dismiss the appeal for want of jurisdiction. The final judgment rendered by the court may be referred to the second ground of the motion for the basis thereof, and this judgment is in no sense a dismissal of the cause for want of jurisdiction. The judgment recites all the necessary jurisdictional facts, and is a full and complete adjudication of the merits of the controversy. Its recitals are not in conflict with the pleadings and record, and they import verity and must control in determining the action of the court. As to whether the action of the court in affirming the order of abatement rendered by the board of supervisors was correct, we express no opinion, as that question is not presented by the assignment of errors.

The judgment of the court below will therefore be affirmed.

*Affirmed.*